UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80776-CIV-MARRA

DEREK GEORGE and ANNETTE GEORGE,
individually, as husband and wife, and as the
parents and natural guardians of JOHN PAUL
GEORGE, a minor,

Plaintiff,

vs.

WELLS FARGO BANK, N.A., f/k/a WELLS
FARGO HOME MORTGAGE, INC., a for
profit corporation,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss (DE 4), Defendant's

Motion for Relief from Discovery (DE 7) and Plaintiffs' Verified Motion to Remand (DE 8).

The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

On or about November 6, 2012, Plaintiffs Derek George, Annette George and John Paul

George ("Plaintiffs"), who are Florida residents, filed a Complaint against Defendant Wells

Fargo Bank, N.A. ("Defendant") in the Fifteenth Judicial Circuit, in and for Palm Beach County,

Florida. (Compl., DE 1-3.)  Defendant was served on February 4, 2013. (Summons, DE 1-3.)

The Complaint brings a claim for breach of contract (count one) and intentional infliction of

emotional distress (count two).  According to the allegations, Plaintiffs reside in Juno Beach,

Florida and Derek and Annette George, who are husband and wife, obtained a mortgage from

Defendant.[1] (Compl. ¶ ¶ 2, 6.)  The purchase price of the home was $713,500.00.  It was financed by a mortgage of $570,800 with a 20% down payment of $142,700.00. (Compl. ¶ ¶ 8.)  Plaintiffs requested a loan modification from Defendant on June 27, 2008. (Compl. ¶ 10.)  Defendant agreed to a temporary loan modification and eventually the parties entered into a permanent loan modification. (Compl. ¶ 12.)  Without any warning, Defendant reneged on the permanent loan modification. (Compl. ¶ 14.)

Soon thereafter, on February 25, 2013, Defendant filed a motion to dismiss the complaint in state court. (Motion, DE 1-3.)  On July 17, 2013, Plaintiff filed an Amended Complaint in state court. (Am. Compl., DE 1-3.)  On July 29, 2013, Plaintiffs filed their responses to Defendant's Request for Admissions. (Admissions, DE 1-2.)   Those responses stated that the damages sought exceeded $75,000.00, exclusive of interest and costs.  (Id.)  On August 8, 2013, Defendant filed a Notice of Removal. (DE 1.)

The Amended Complaint brings eight counts: breach of contract (count one); intentional infliction of emotional distress (count two); a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (count three); fraud by concealment (count four); fraud in the inducement (count five); violation of the Home Affordable Modification Program ("HAMP") (count six); promissory estoppel (count seven) and unjust enrichment (count eight).

Plaintiffs have filed a motion to remand and argue that Defendant waived its ability to remove this action because it did not file its notice of removal within 30 days of being served with the initial complaint.  Plaintiffs claim that the original complaint contained jurisdictional

---

[1] Plaintiff John Paul George is the minor child of Derek and Annette George. (Compl. ¶ 2.)

allegations supporting diversity jurisdiction and that it had always been evident from the face of the initial complaint that the damages sought by Plaintiffs exceeded $75,000.00.[2]  In response, Defendant argues that the initial complaint did not conclusively show that the amount in controversy exceeded $75,000.00.

Defendant moves to dismiss the Amended Complaint on the following grounds: (1) the Amended Complaint does not allege a breach of a specific contract term; (2) the intentional infliction of emotional distress claim fails as a matter of law; (3) FDUPTA expressly exempts banks; (4) the Amended Complaint fails to allege conditions precedent; (5) the fraud claims are not pled with specificity; (6) HAMP does not provide a private cause of action; (7) the unjust enrichment claim must be dismissed because an express contract exists; (8) Plaintiffs have failed to comply with the bank statute of frauds; (9) claims on behalf of Annette and John Paul George must be dismissed because they are non-parties to the contracts; (10) punitive damages must be dismissed or stricken; (11) the jury demand is improper and (12) the scandalous allegations must be stricken.

II. Discussion

A.  Motion to Remand

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Jurisdiction based on diversity of citizenship exists in civil actions where the amount in

---

[2] Plaintiff does not contest Defendant's assertion that diversity of citizenship exists.

3

controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. §

1332(a)(1).  Under diversity jurisdiction, an "action shall be removable only if none of the parties

in interest properly joined and served as defendants is a citizen of the State in which such action

is brought." 28 U.S .C. § 1441(b).  Removal is "intended to protect out-of-state defendants from

possible prejudices in state court." Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir.

2006).

A notice of removal cannot be filed more than 30 days after service of the summons and

complaint upon the defendant. 28 U.S.C. § 1446(b); Thomas v. Bank of America Corp.,

570 F.3d 1280, 1282 (11th Cir. 2009). Petitioning for removal outside the 30–day window

constitutes a defect in removal procedure. Kowallek v. Prestia, 329 F. App'x 897, 898 (11th Cir.

2009); Wilson v. General Motors Corp., 888 F.2d 779, 780 (11th Cir.1989); In re Allstate Ins.

Co., 8 F.3d 219, 221 (5th Cir.1993). The requirement that the notice of removal has to be filed

within 30 days after the receipt by defendant of the complaint is mandatory and failure to comply

with such requirement is a defect in removal which justifies remand of case. 28 U.S.C. §

1446(b), (c); Eparvier v. Fortis Ins. Co., 312 F.App'x 185, 187 (11th Cir. 2008).

Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand.

See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party

has the burden of demonstrating the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505

(11th Cir. 1996).  The sufficiency of the amount of controversy is determined at the time of

removal.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) (the Court

"focuses on how much is in controversy at the time of removal, not later"). "The absence of

factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence,

the existence of jurisdiction should not be divined by looking to the stars." <u>Lowery v. Alabama</u>

<u>Power Co.</u>, 483 F.3d 1184, 1215 (11th Cir. 2007).

The Court finds that the original Complaint did not permit Defendant to determine that

the amount in controversy exceeded $75,000.000.  While the original Complaint alleged Plaintiff

purchased property for $713,500, made a $142,700 down payment and obtained a $570,800 loan,

the original Complaint did not state that Plaintiffs sought to recover the original loan amount or

down payment. In fact, there is nothing in the original Complaint that shows any relationship

between the price of the home and the damages sought.   The original Complaint brought claims

for breach of the loan modification and emotional distress. With respect to the loan modification,

the original Complaint does not allege by how much the monthly payment would be reduced or

for how long.  Nor does the original Complaint allege the amount of damages caused by the

emotional distress.

Nonetheless, Plaintiffs contend remand is appropriate.  In support, Plaintiffs rely on

<u>Lopez v. Lexington Ins. Co.</u>, No. 2:12–cv–525–FtM–29DNF, 2013 WL 1365723 (M.D. Fla. Apr.

4, 2013).  There, the plaintiffs sued their homeowner's insurance policy for breach of contract

arising from hurricane damage to their home.  <u>Id.</u> at * 1.  The complaint alleged that it sought an

amount in excess of $15,000.00, but also stated that they expended nearly $1,000,000.00 to

repair and remediate the property.  <u>Id.</u> at * 1.  The complaint identified a covered loss and

damages related to their home, personal property, loss of use, repair costs, and additional living

expenses.  <u>Id.</u> at * 2.  These damages were described in the portion of the complaint addressing

"covered loss." <u>Id.</u> at * 3.  The defendant claimed the case was not removable until it received a

response to admissions which stated the plaintiffs sought damages in excess of $75,000.00.  <u>Id.</u> at

* 1.  The Court disagreed, finding that it was apparent on the face of the complaint that the amount in controversy exceeded the jurisdictional requirements.  Id. at * 3.

The Court finds Lopez inapposite.  Unlike here, the type of expenses the plaintiffs in Lopez incurred were clearly identified and were linked to the failure of the defendant insurance company to pay for those repairs.  Here, while the original complaint stated amounts of money (i.e., the down payment, the purchase price of house, etc.), it did not link those amounts to any of the causes of action.

Nor is the Court persuaded by Plaintiffs' argument that because the original Complaint reserved the right to pursue punitive damages, it was clear that the amount in controversy requirement was met.  Merely by including a prayer for punitive damages does not meet the amount in controversy requirement.  "Drawing such a conclusion would be nothing more than speculation and is impermissible."  Marcenaro v. Creative Hairdressers Inc., No. 12–60236–CIV, 2012 WL 1405690, at * 3 (S. D. Fla. Apr. 23, 2012).

For the foregoing reasons, the Court concludes that Defendant timely removed the case and the motion to remand is denied.

B.  Motion to Dismiss

1.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

6

elements of a cause of action will not do. Factual allegations must be enough to raise a right to

relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a

plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984).

2.  Breach of Contract claim

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a

contract; (2) a breach of the contract and (3) damages resulting from the breach. Rollins, Inc. v.

Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006); A.R. Holland, Inc. v. Wendco Corp.,

884 So. 2d 1006, 1008 (Fla. Dist. Ct. App. 2004).[3]  Defendant moves to dismiss the breach of

contract claim on the basis that the Amended Complaint does not identify the specific term of the

contract that was breached.

The Amended Complaint alleges that Defendant "breached the terms of the subject

_____

[3] In a diversity case, the Court applies Florida law.  See Pendergast v. Sprint Nextel
Corp., 592 F.3d 1119, 1132-33; Royal Ins. Co. of America v. Whitaker Contracting Corp., 242
F.3d 1035, 1040 (11th Cir. 2001).

permanent loan modification." (Am. Compl. ¶ 29; see also Am. Compl. ¶ 30.)  The Amended

Complaint does not identify which provision of the permanent loan modification has been

breached and therefore runs afoul of Twombly.  Furthermore, this failure also renders the

pleading deficient under Florida contract law.  See Gentry v. Harborage Cottages-Stuart, LLLP,

No. 08-14020-CIV, 2008 WL 1803637, at * 3 (S.D. Fla. Apr. 21, 2008) (citing Henrion v. New

Era Realty IV, Inc., 586 So.2d 1295, 1297 (Fla. 4th DCA 1991)).[4]  Plaintiffs are given leave to

amend this claim to remedy this pleading deficiency.

### 3.  Intentional Infliction of Emotional Distress claim

Under Florida law, to state a cause of action for intentional infliction of emotional

distress, a complaint must allege four elements: "(1) deliberate or reckless infliction of mental

suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the

distress was severe." Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 594 (Fla. Dist. Ct. App.

2007).  Whether conduct is outrageous enough to support a claim for intentional infliction of

emotional distress is a question of law, not a question of fact. Id. at 595; see also Baker v. Florida

Nat. Bank, 559 So. 2d 284, 287 (Fla. Dist. Ct. App. 1990) ("The issue of whether or not the

activities of the defendant rise to the level of being extreme and outrageous so as to permit a

claim for intentional infliction of emotional distress is a legal question in the first instance for the

court to decide as a matter of law.").

Behavior claimed to constitute the intentional infliction of emotional distress must be
"'so outrageous in character, and so extreme in degree, as to go beyond all possible

---

[4] The Court is not persuaded by Plaintiffs' reliance on Stroman v. Bank of Am. Corp.,
852 F. Supp. 2d 1366 (N.D. Ga. 2012).  In that case, the complaint alleged specific breaches by
stating that the defendants repeatedly charged the plaintiff late fees when she paid on time and
failed to apply her payments properly.  Id. at 1377.

bounds of decency.' " <u>Ponton v. Scarfone</u>, 468 So.2d 1009, 1011 (Fla. Dist. Ct. App. 1985) (quoting <u>Metropolitan Life Ins. v. McCarson</u>, 467 So.2d 277, 278 (Fla. 1985)). In applying that standard, the subjective response of the person who is the target of the actor's conduct does not control the question of whether the tort of intentional infliction of emotional distress occurred. <u>Id.</u> Rather, the court must evaluate the conduct as objectively as is possible to determine whether it is " 'atrocious, and utterly intolerable in a civilized community.' " <u>Id.</u> (quoting <u>Metropolitan</u>, 467 So.2d at 278).

<u>Liberty Mut.</u>, 968 So.2d at 594-95.

The conduct alleged, if true, does not meet the standard of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Metropolitan</u>, 467 So.2d at 278-79 (quoting <u>Restatement (Second) of Torts</u> § 46 (1965)). <u>See</u> <u>e.g.</u>, <u>Williams v. Southeast Florida Cable, Inc.</u>, 782 So.2d 988 (Fla. Dist. Ct. App. 2001) (holding trial court did not err in dismissing claim for intentional infliction of emotional distress where the alleged conduct did not rise to the level of outrageousness required under Florida law). Indeed, the Eleventh Circuit recently affirmed the dismissal of an intentional infliction of emotional distress claim brought against a bank by borrowers based on the bank allegedly not providing the borrower with correct information regarding the loan and refusing to modify the loan. <u>Echeverria v. BAC Home Loan Servicing, LP</u>, 523 F. App'x 675, 676 (11th Cir. 2013).

Nonetheless, Plaintiffs claim that the minor son, who is a plaintiff in this action, can bring a claim for intentional infliction of emotional distress because the Amended Complaint alleges that Defendant knew he suffers from a significant disability which causes emotional and financial distress for the family. (Am. Compl. ¶ 37.)   As a matter of law, these allegations do not meet the standard for intentional infliction of emotional distress.

Accordingly, Plaintiffs' claim for intentional infliction of emotional distress is dismissed with prejudice for failure to state a claim upon which relief can be granted.[5]  The Court concludes that granting Plaintiffs leave to amend this claim would be futile.

### 4.  FDUTPA claim

Defendant argues that FDUTPA expressly exempts banks pursuant to Florida Statute § 501.212(4)(c) (exempting banks or savings and loan associations regulated by federal agencies).  Plaintiffs do not dispute this exemption, but states that there is nothing in the Amended Complaint that demonstrates this exemption applies to Defendant.  The Court disagrees.  Plaintiff has sued the entity "Wells Fargo Bank, N.A."  There can be no dispute that "N.A." stands for "National Bank."  See Heafitz v. Interfirst Bank of Dallas, 711 F. Supp. 92, 94 (S.D.N.Y. 1989); Black's Law Dictionary (9th ed. 2009).  As a National Bank, Defendant is exempt from FDUTPA.

### 5.  Failure to Allege Conditions Precedent

Plaintiffs concede that the Amended Complaint, which was originally filed in state court, fails to allege conditions precedent pursuant to Rule 9(c) of the Federal Rules of Civil Procedure and seek leave to amend.   The Court will permit Plaintiffs leave to amend.

### 6.  Fraud claims

Rule 9(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This Rule "serves an important purpose in fraud actions

---

[5] Both parties discuss the standard for negligent infliction of emotional distress. However, this claim is not a count in the Amended Complaint.

10

by alerting defendants to the precise misconduct with which they are charged  and protecting defendants against spurious charges of immoral and fraudulent behavior." <u>Brooks v. Blue Cross and Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (quoting <u>Durham v. Business Mgmt. Assocs.</u>, 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal quotation marks omitted). This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud.  <u>See id.</u> (quoting <u>Brooks</u>, 116 F.3d at 1371).  That stated, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading.  <u>See Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001).

The Court has examined the fraud by concealment and fraud in the inducement claims and finds that they are lacking.  The Amended Complaint does not comply with <u>Brooks</u>.  For example, the Amended Complaint does not identify specific statements or omissions, the time and place of those statements and who made them.  As such, the Court will give Plaintiffs leave to amend.

### 7. Home Affordable Modification Program

Plaintiffs concede that there is no private right of action under the Home Affordable Modification Program and voluntarily withdraw the claim.

### 8.  Unjust enrichment

Defendant seeks dismissal of the unjust enrichment claim because (1) Plaintiffs have alleged an express contract exists and (2) the claim is premised on the theory that Defendant induced Plaintiffs to continue to make payments that were due under the loan but Defendant is

11

contractually entitled to these payments.

Defendant's first argument ignores the basic tenet of alternative pleading under Rule 8(d)(2) of the Federal Rules of Civil Procedure. <u>Manicini Enterprises, Inc. v. American Exp. Co.</u>, 236 F.R.D. 695, 698-99 (S.D. Fla. 2006). While Plaintiffs can only recover once for the same actual damages, regardless of the number of alternative theories presented, they are not barred against pleading unjust enrichment simply because they have also pled breach of contract in count one. "Until an express contract is proven, a motion to dismiss a claim for . . . unjust enrichment on these grounds is premature." <u>Williams v. Bear Stearns & Co.</u>, 725 So.2d 397, 400 (Fla. Dist. Ct. App. 1998).

With respect to the second argument, the Court finds that it is premature. Until a factual record is developed, the Court cannot conclude either that Defendant was not unjustly enriched or that Defendant was contractually entitled to the payments.

<u>9. Application of the Bank Statute of Frauds</u>

Defendant claims the Amended Complaint should be dismissed because the attached documents to the Amended Complaint are unsigned documents and thus fail to comply with the Bank Statute of Frauds. Plaintiff, however, points out that they do not have copies of the signed agreements, despite their requests to produce. Therefore, at this stage of the proceedings, the Court cannot determine whether the parties have complied with the Bank Statute of Frauds.

<u>10. Claims of Annette and John Paul George</u>

Defendant seeks to dismiss the claims brought by Annette and John Paul George, the wife and minor child of Derek George. According to the Amended Complaint, Derek George is the only person who entered into the loan modification agreement with Defendant and John Paul is

not a party to the underlying Note or Mortgage. Plaintiffs claim, however, that not every claim pled by these two Plaintiffs sound in contract and therefore those claims should not be dismissed A review of the remaining claims, however, show that they stem from the contract claims.  Thus, Annette and John Paul George have no standing to bring any claims related to the loan modification agreement and John Paul George has no standing to bring claims related to the underlying Note and Mortgage.

      11.  Punitive Damages

      Defendant seeks to strike any claim for punitive damages.  Plaintiffs respond that they have not pled punitive damages, but merely preserved their right to seek amendment at a later date should discovery reveal a basis for such damages.  Based on that representation, there is no claim for punitive damages to strike.

      12.  Demand for Jury Trial

      Defendant claim the jury demand is improper because the mortgage agreement waives the right to a jury trial.  Plaintiffs disagree, noting that their claims also stem from the forbearance agreement and loan modification agreement which do not contain a waiver.

      A party may contractually waive her right to a jury trial if the waiver is knowing and voluntary. Bakrac, Inc. v. Villager Franchise Sys., 164 F. App'x. 820, 823 (11th Cir.2006); Allyn v. Western United Life Assurance Co., 347 F. Supp. 2d 1246, 1251 (M.D .Fla.2004).  The courts look at several factors in determining whether a waiver was knowing and voluntary: "the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." Bakrac, Inc., 164 F. App'x. at 824.  Until a factual record has been developed, the

Court is unable to determine whether any waiver was knowing or voluntary.  Cf. Milsap v. Cornerstone Residential Management, Inc., No. 05-60033-CIV, 2007 WL 965590, at * 2 (S.D. Fla. Mar. 28, 2007) (examining responses to interrogatories in determining whether waiver was knowing and voluntary).  The request for to strike the jury trial is denied without prejudice.

   13.  Scandalous Allegations

   Defendant seeks to strike from the Amended Complaint allegations it considers scandalous.  Plaintiffs do not respond to this contention. Since the only allegations that arguably could be construed as scandalous are contained in the claim for intentional infliction of emotional distress, and since that claim is being dismissed with prejudice, the motion to strike scandalous material from the Amended Complaint is denied as moot.

   III.  Conclusion

   Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

   1)     Defendant's Motion to Dismiss (DE 4) is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff is granted leave to amend consistent with this Order.

   2)      Defendant's Motion for Relief from Discovery (DE 7) is **DENIED AS MOOT** given that the parties have already conducted their Rule 26(f) conference and the Court has issued its scheduling Order.

   3)     Plaintiffs' Verified Motion to Remand (DE 8) is **DENIED.**

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of January, 2014.

                                         _____
                                         KENNETH A. MARRA
                                         United States District Judge

14